IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAUREEN HAGAN | : |
| | : CIVIL ACTION |
| v | : |
| | : NO. 13-6092 |
| CAROLYN W. COLVIN, | : |
| ACTING COMMISSIONER OF | : |
| SOCIAL SECURITY | : |

**MEMORANDUM**

**SURRICK, J.**                                                                                   **JUNE  29 , 2015**

Presently before the Court is the Plaintiff's Request for Review (ECF No. 7) of the decision of the Commissioner of Social Security denying her claim for disability benefits. The matter was referred to United States Magistrate Judge Linda K. Caracappa for a Report and Recommendation. The Report and Recommendation (ECF No. 11) was issued recommending that we deny Plaintiff's Request for Review. Plaintiff timely filed Objections (ECF No. 12) to the Report and Recommendation. For the following reasons, Plaintiff's Objections will be overruled, the Report and Recommendation will be approved and adopted, and Plaintiff's Request for Review will be denied.

**I.      BACKGROUND**

Plaintiff, Maureen Hagan, filed two separate claims for benefits on November 1, 2010: a Title II application for a period of disability and disability insurance benefits; and a Title XVI application for supplemental security income. Disability was alleged as of June 1, 2007. Both claims were denied on April 20, 2011, and Plaintiff filed a request for hearing on May 5, 2011. A Hearing was held before an Administrative Law Judge ("ALJ") on May 15, 2012. Plaintiff

and impartial vocational expert, Nancy Harter, testified at the hearing. By decision dated July 25, 2011, the ALJ denied Plaintiff's claim for benefits, concluding that Plaintiff was not disabled under Sections 216(i)[1] and 223(d)[2] of the Social Security Act, with regard to the application for a period of disability and disability insurance benefits, and was not disabled under Section 1614(a)(3)(A),[3] with regard to supplemental security income. Plaintiff thereafter requested review of the ALJ's decision by the Appeals Council. The Appeals Council denied Plaintiff's request for review.

## II.   STANDARD OF REVIEW

The role of the court on judicial review is to determine whether there is substantial evidence in the record to support the Commissioner's final decision. *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986); *Newhouse v. Heckler*, 753 F.2d 283, 285 (3d Cir. 1985). The factual findings of the Commissioner must be accepted as conclusive, provided that they are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. at 401 (quoting *Consol. Edison Co. v. NRLB*, 305 U.S. 197, 229 (1938)); *see also Dobrwolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). If the conclusion of the ALJ is supported by substantial evidence, the court may not set aside the Commissioner's decision even if we would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999); *see also* 42 U.S.C. § 405(g). We review a plaintiff's objections to the report and recommendation of the Magistrate Judge *de novo*. 28

---

[1] 42 U.S.C. § 416(i).

[2] 42 U.S.C. § 423(d).

[3] 42 U.S.C. § 1382c(a)(3)(A).

U.S.C. § 636(b)(1); E.D. Pa. Local R. Civ. P. 72(b).

## III. DISCUSSION

Plaintiff raises two issues for our consideration: (1) whether the ALJ improperly weighed the medical evidence; and (2) whether the ALJ improperly evaluated Plaintiff's credibility.

### A. Weighing the Medical Evidence

In evaluating Plaintiff's claim of disability, the ALJ accorded less weight to the opinions of a treating psychologist and treating mental health therapists because the opinions expressed by these individuals were contrary to the objective mental health records. Plaintiff contends that the ALJ improperly weighed the evidence by according less weight to her treatment providers.

Evidence to be considered by an ALJ includes medical and vocational information, information from the hearing, and other evidence that would be useful in helping to make a determination. *Cotter v. Harris*, 642 F.2d 700, 705-06 (3d Cir. 1981). Generally, the findings and opinions of treating physicians are given deferential weight. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *Mason v. Shalala*, 994 F.2d 1058, 1067 (3d Cir. 1993). The ALJ, however, is not required to accord any significant weight to the report of a treating physician, and may reject the treating physician's analysis, where there is a lack of data supporting that analysis, *Newhouse*, 753 F.2d at 286, or where there is contrary medical evidence, *Frankenfield v. Bowen*, 861 F.2d 405, 408 (3d Cir. 1988). The ALJ is free to accept the most credible medical opinion where there is contrary medical evidence. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999).

In addition to the opinions expressed by treating physicians, "[s]tate agent opinions merit significant consideration as well." *Chandler v. Comm. of Social Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) (citations omitted). The ALJ is permitted to rely upon the opinions expressed by state agency consultants, because it is the ALJ who "must make the ultimate disability and [residual

3

functional capacity] determinations." *Id*. (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). Indeed, "the law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." *Id*. (quoting *Brown v. Astrue*, 649 F.3d 193, 197 n.2 (3d Cir. 2011)).

Based upon a review of the record, the ALJ was correct in according less weight to the opinions expressed by treating psychologist, Anika Vaughn-Cooke, M.D., and treating therapists, Rachel Mausner, L.C.S.W. and Sarah Quinn, M.S.W. Dr. Vaughn-Cooke's ultimate opinion of disability is belied by the objective medical evidence. The indications in Plaintiff's medical records, and the objective findings present in Plaintiff's Global Assessment of Functioning scale, reveal little more than moderate functional limitations. Plaintiff's reported activities of daily living do not suggest a disability. As the ALJ found, Plaintiff's "alleged difficulty with walking is inconsistent with her activities of daily living, especially her frequent trips to Wawa for binging food." (Soc. Sec. Admin. Decision 22, ECF No. 5.) Further, as found by the ALJ, Plaintiff's sporadic treatment and poor compliance with treatment call into question the veracity of Dr. Vaughn-Cooke's assessment. Indeed, Dr. Vaughn-Cooke's assessment on a "check-the-box" form suggests findings directly contrary to those contained within her mental status assessment notes. (Report and Recommendation 28.) For example, Dr. Vaughn-Cooke checked boxes indicating that Plaintiff did not have good days and bad days, despite Plaintiff reporting to having such days, and Dr. Vaughn-Cooke checked boxes suggesting Plaintiff to suffer delusions, hallucinations, difficulty thinking, panic attacks and the like, despite her substantive assessment notes suggesting the contrary. *See Mason*, 994 F.2d at 1065 ("Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best."). The ALJ's finding that Plaintiff's "treatment has been sporadic and she has shown poor compliance,"

4

(Soc. Sec. Admin. Decision 28), is supported by the treatment records, as exhaustively analyzed in the Report and Recommendation. In light of the inconsistencies between Dr. Vaughn-Cooke's opinions and the medical evidence, we find no error on the part of the ALJ for giving little weight to Dr. Vaughn-Cooke's check-the-box form diagnosis. With regard to any opinions expressed by Ms. Mausner and Ms. Quinn, they are not acceptable medical sources and thus the ALJ properly accorded them little weight. 20 C.F.R. §§ 404.1513, 416.913.

Additional notes contained within Plaintiff's treatment records also support the ALJ's decision and call into question the veracity of Plaintiff's claimed disability. The ALJ found that Plaintiff "may have consciously attempted to portray limitations that are not actually present in order to increase the chance of obtaining benefits." (Soc. Sec. Admin. Decision 27.) This finding appears sound when viewed against Plaintiff's treatment records evidencing "compliance [with treatment] is better when there is a need for completion of SSI forms." (*Id.*) In light of such notations within her treatment records, the ALJ did not err by affording Dr. Vaughn-Cooke's opinions little weight.

Due to the discrepancies between the objective evidence and Dr. Vaughn-Cooke's opinions, the ALJ properly accorded substantial weight to the opinions expressed by the psychological consultant, Frank M. Mrykalo, Ed.D. Dr. Mrykalo's opinions were consistent with the objective evidence found in the medical records. While noting that Plaintiff suffers from some limitations, those limitations were not suggestive of a total disability according to Dr. Mrykalo. (Report and Recommendation 8-9.) Based upon his review of Plaintiff's treatment records and Plaintiff's reported activities of daily living, Dr. Mrykalo concluded that Plaintiff "is able to meet the basic mental demands of competitive work on a sustained basis despite the limitations resulting from her impairment." (*Id.*) These opinions are consistent with the

5

objective findings in Plaintiff's treatment records, notably Plaintiff's Global Assessment of Functioning score.

Upon review, the ALJ properly weighed the medical evidence. As set forth in the detailed analysis provided by the Report and Recommendation, the ALJ correctly weighed the opinions of Dr. Vaugh-Cooke, Ms. Mausner, and Ms. Quinn against Dr. Mrykalo's opinions and the objective medical evidence. That Plaintiff may disagree with the ALJ's finding is not suggestive of an improper weighing of the evidence. Accordingly, Plaintiff's first objection to the Report and Recommendation will be overruled.

B.     **Determination of Plaintiff's Credibility**

Plaintiff next contends that the ALJ erred in assessing Plaintiff's credibility. The ALJ determined that Plaintiff's subjective complaints of pain were not entirely credible.

While the ALJ is required to accord deferential weight to the testimony of subjective complaints, the ALJ may reject such testimony if reasoning is provided for such a conclusion. *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974) ("As fact finder he has the right to reject their testimony entirely, but failure to indicate rejection could lead to a conclusion that he neglected to consider it at all."). "Deference must be given to the ALJ's determination in issues of credibility when reviewing the Commissioner's final decision, so long as the ALJ discusses the issue and his finding is supported by substantial evidence." *Rotshteyn v. Massanari*, 158 F. Supp. 2d 525, 533 (E.D. Pa. 2001) (citing *Alvarez v. Sec'y of Health and Human Serv.*, 549 F. Supp. 897, 899-900 (E.D. Pa. 1982)). On review, the court does not substitute its own conclusions for that of the fact finder. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002) (citing *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)). Courts will "ordinarily defer to an ALJ's credibility determination because he or she has the opportunity at a hearing to assess

6

a witness's demeanor." *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003) (citation omitted).

The ALJ's reasons for not finding Plaintiff's subjective complaints entirely credible are supported by the record. As set forth in detail in the Report and Recommendation, the ALJ considered all relevant evidence in assessing Plaintiff's subjective complaints, including her testimony, Plaintiff's treatment records, poor compliance with treatment, a conservative treatment course, and her reported activities of daily living. (Report and Recommendation 20-21.) The ALJ also considered Plaintiff's treatment records evidencing better compliance with treatment when required to complete disability forms for purposes of obtaining benefits. The ALJ determined that Plaintiff does have certain mental impairments. However, the ALJ concluded that those impairments present no more than a moderate functional limitation. Therefore, the ALJ concluded that Plaintiff is capable of working. (Soc. Sec. Admin. Decision 28-29.) The ALJ provided a detailed analysis of the information considered, and set forth the reasons why Plaintiff's testimony was not accorded total credibility. Accordingly, the ALJ's decision was supported by substantial evidence. Plaintiff's objection will therefore be overruled.

## IV.     CONCLUSION

Based upon an independent review of the record, we conclude that there is no reason to disturb the decision of the ALJ. The Report and Recommendation provides an excellent, detailed analysis of the issues raised by Plaintiff and why the ALJ's determination was proper. Accordingly, the Objections to the Report and Recommendation will be overruled, the Report and Recommendation will be approved and adopted, and Plaintiff's Request for Review will be denied.

An appropriate Order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**